IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE, FLORIDA

**EDUARDO HERNANDO**, an individual

    Plaintiff,

vs.

**BMW FINANCIAL SERVICES NA, LLC**
a Florida limited liability company

    Defendant.

_____
/

FILED BY _____J.A._____ D.C.
Nov 1, 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## PLAINTIFF'S PROPOSED AMENDED COMPLAINT
## WITH JURY TRIAL DEMAND

The Plaintiff, **EDUARDO HERNANDO**, hereinafter "**PLAINTIFF**" "**EDUARDO**" hereby files it's Amended Complaint against **BMW Financial Services NA, LLC** hereinafter "**BMW**" "**DEFENDANT**" and alleges:

### I.   PRELIMINARY STATEMENT

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S. Code § 1681, et seq. (the "FCRA") to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

2. Under the FCRA, consumer reporting agencies are charged with two primary duties: the duty to follow reasonable procedures to assure maximum possible accuracy of information when preparing consumer reports; and the duty to reasonably reinvestigate consumers'

disputes of inaccurate information, and then appropriately correct or modify the disputed information. A consumer reporting agency's duty to reasonably reinvestigate consumers' disputes of inaccurate information explicitly includes the duty to notify the furnisher of the disputed information. This is because the furnisher of the disputed information stands in a better position to make a thorough investigation of the disputed information than the credit reporting agency.

3. Under the FCRA, furnishers of information have two similar primary duties: to report complete and accurate information regarding the consumers about whom the furnishers report; and, upon receiving notice of a consumer's dispute from a consumer reporting agency, to conduct an investigation of the disputed information, and then modify, delete, or permanently block the reporting of that information as appropriate.

4. Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third-parties in credit transactions involving Plaintiff, for employment purposes, the underwriting of insurance for Plaintiff, and even in connection with a determination of Plaintiff's eligibility for a license or other governmental benefit. Accordingly, and pursuant to various provisions of the FCRA, Plaintiff has a legally protected interest in Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by Defendants is done so in a manner which is fair and equitable to Plaintiff, with regards to the confidentiality, accuracy, and relevancy of that information.

5. This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible

accuracy of the information concerning Plaintiff, and failures to conduct reasonable investigations and reinvestigations with respect to disputes of such information.

## II. PARTIES

6. Plaintiff, EDUARDO HERNANDO (hereinafter "EDUARDO"), is a natural person who resides in Miami-Dade County, Florida.

7. Plaintiff is an individual and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Upon information and belief, the Defendant BMW FINANCIAL SERVICES NA, LLC (hereinafter "BMW") is a corporation doing business in the State of Florida and BMW has agents or other representatives in Miami-Dade County.

9. Equifax / Transunion / Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Equifax / Transunion / Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## III. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Florida because a substantial part of the events or omissions giving rise to the claims occurred in this district.

12. Venue is proper in the Florida Division because one or more Defendants maintain agents for service of process within the Florida Division.

13. Upon information and belief, this District Court has jurisdiction over the Defendant BMW pursuant to Florida Statute§§ 48.193(1)(a), (f)(1).(2.), (g), (2) and/or by voluntary submission.

14. Upon information and belief, this District Court has jurisdiction as the subject loan originated here in Florida as on or about October 1, 2014 Plaintiff, Eduardo Hernando entered into a written financial agreement with Defendant, BMW Financial Services NA, LLC.

15. This is an action at law within the jurisdiction of this Court as a matter in controversy which exceeds the sum of $75,001, exclusive of interest, attorney's fees, if any, and costs.

16. Upon information and belief, EXPERIAN ("Experian") is a corporation authorized to do business in the District of Florida.

17. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, Experian disburses such consumer reports to third parties such as BMW under contract for monetary compensation.

## IV.   FACTUAL ALLEGATIONS

### A. Defendant/Creditor as the "Furnisher of Information"

19. As a result of the Defendant becoming a Creditor, Defendant also becomes a Furnisher of credit information to all Consumer Reporting Agencies[1] and is responsible to ***Furnish accurate and unbiased information*** about the Plaintiff/Borrower's ***payment history and***

---

[1] otherwise known as credit bureaus

*other pertinent information* about the Plaintiff/Borrower on a monthly basis as required by Title 16[2]. **[EXHIBIT L1].**

20. Upon information and belief, Defendant/Creditor has ***willfully violated and continues to violate*** its responsibility to furnish accurate and unbiased information to the detriment of Plaintiff/Borrower.

21. Upon information and belief, the Defendant becoming a Creditor is required to abide by and follow federal laws as published under the title of the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FPCPA) in their entirety.

22. Upon information and belief, The Defendant has ***violated and continues to violate*** both the FCRA & FPCPA ***resulting in harm and damages*** to the Plaintiff.

23. Upon information and belief, BMW ("Furnisher") was inaccurately reporting, on the Loan Account ("Errant Loan Account"), mandatory Credit Bureau disclosure(s) with erroneous dates of monthly payment amounts, information, address, dispute, dispute resolution, DISPUTE ADDRESS etc.

24. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **DATES** of monthly payment.

25. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **INFORMATION.**

26. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **DISPUTES.**

27. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **RESOLUTION OF DISPUTES.**

---

[2] Commercial Practices Chapter 1 -Subchapter F – Part 660 -15 U.S.C. 1681S-2 "Responsibilities of Furnishers of Information to Consumer Reporting Agencies."

28. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **DISPUTE ADDRESS**. [BMW Financial 5515 Park Central, Dublin, OH 43017]

29. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous **ACCURACY OF INFORMATION** related to the loan account.

30. On or about April 17, 2019, Plaintiff submitted a letter to Experian, disputing the Errant Loan Accounts, erroneous dates of monthly payment amounts, information, dispute, dispute resolution, DISPUTE ADDRESS, accuracy of information related to the loan account, and any immediate changes.

    a. Experian forwarded Plaintiffs' consumer dispute to the Furnishers.

31. On or about **August 06, 2016**, Plaintiff submitted a letter to BMW [at BMW Financial 5515 Park Central, Dublin, OH 43017] disputing the Errant Loan Accounts, the timeliness of payments, accuracy of information related to the loan account, and any immediate changes. **[EXHIBIT A, B, I]**.

    b. This letter was returned to sender by USPS. **[EXHIBIT C, C1]**.

32. Plaintiff had not received Experian's' investigation results. Therefore, on May 02, 2019, Plaintiff obtained his Experian's' credit disclosure, which showed that Experian's' and BMW the Furnishers failed or refused to report the Errant Loan Accounts with CORRECT INFORMATION. **[EXHIBIT J, K]**.

    **B. BMW Did Not Correctly Furnish Dispute Language on Plaintiffs' Credit Report Within 30 Days**

33. In response to Plaintiff's dispute, the Furnishers verified to Transunion/Experian that its reporting of its Errant Loan Accounts were accurate. **[EXHIBIT B, H]** dated 04/24/2019.

34. The Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute[3].

35. Upon information and belief, BMW continued to inaccurately report its "Errant Loan Account" with an erroneous DISPUTE ADDRESS [BMW Financial 5515 Park Central, Dublin, OH 43017] and REFUSED to correct the error on face of it **within 30 days**.and still continue to do it. **[EXHIBIT L1, L2].**

36. Even if it is assumed that the address is old as per BMW's response **[EXHIBIT L1, L2]**, BMW has intentionally failed to furnish and maintain the Correct Dispute Address in Credit Report with CRA (Transunion / Experion) **WITHIN 30 DAYS OF DISPUTE.**

### C. Violation of 16 CFR § 660.4 - Direct disputes.

**(Failure to furnish and or maintain Correct Dispute Address in Credit Report with CRA)**

37. § 660.4 Direct disputes. provides

> ***(c)Direct dispute address.*** *A furnisher is required to investigate a direct dispute only if a consumer submits a dispute notice to the furnisher at:*
>
> ***(1) The address of a furnisher provided by a furnisher and set forth on a consumer report relating to the consumer;***

38. Upon information and belief, BMW is inaccurately reporting its "Errant Loan Account" with an erroneous DISPUTE ADDRESS [BMW Financial 5515 Park Central, Dublin, OH 43017] related to the loan account. **[EXHIBIT I, K, L1, L2].**

39. Upon information and belief, due to BMWs' inaccurately reporting its "Errant Loan Account" with an erroneous DISPUTE ADDRESS, a letter raising dispute addressed to BMW on 08/11/2016 was returned undelivered. **[EXHIBIT I].**

---

[3] the Errant Tradelines, the timeliness of payments, accuracy of information related to the loan account, and any immediate changes.

40. This undelivered letter caused serious harm to Plaintiffs' Credit Report. As a direct and proximate cause of BMW negligent failure to perform its duties under the FCRA, Plaintiff suffered damages, mental anguish, suffering, humiliation, embarrassment, lower credit score and higher rate of interest.

41. BMW (as a matter of fact) by such mis-reporting and negative influence on credit report score, charged higher rate of interest at refinance of the vehicle. This particular harm and injury of higher rate of interest was due to BMWs' own erroneous ACCURACY OF INFORMATION related to the loan account. **[EXHIBIT D]**.

### D. Wrong Reporting to The Credit Bureaus That This Case Was "Resolved" While It Is Still in The Middle of This Lawsuit

42. Defendant erroneously reported derogatory information to Credit Reporting Agency Experian and Transunion **[EXHIBIT E]**:

    *"Account was in Dispute – Now Resolved – Reported by subscriber"*

43. This matter in *"NOT RESOLVED"* till date as this lawsuit is pending and BMW has not bothered to remove the derogatory information from Credit Report.

44. The Plaintiff has *attempted to resolve this matter* over a significant amount of time whereby Defendant ignored or failed to correct the matter at hand based on the laws that govern creditors and furnishers of information.

    a. As a result, the Defendant has exemplified "WILLFUL NON-COMPLIANCE" of Federal rules as listed above and the exact same case law Defendant is using to defend this case whereby, when a creditor acts in a form of "WILLFUL NON-COMPLIANCE" as Defendant did act in this case and is alleged, the laws referenced by Defendant do not protect the Defendant from responsibility.

45. The Plaintiff contacted both the Defendant and the Credit Bureaus to correct this matter at hand and after years of attempts, the Plaintiff filed this claim for the court to rule that Defendant fraudulently misrepresented to Plaintiff wrong information, their lack of responsibility and willful violations of FCRA Section 623(a)(3) and FDCPA Section 807(8).

46. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

47. In violation of the Fair Credit Reporting Act, after receiving knowledge about the erroneous information, the BMW and Credit Bureaus refused to remove it and is still reporting, on our credit file, which is libelous and damaging to credit worthiness. **[EXHIBIT D].**

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW**

48. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Amended Complaint.

49. After being informed by Experian of Plaintiff's consumer dispute of the Errant Loan Accounts, the timeliness of payments, accuracy of information related to the loan account, and any immediate changes to payment amount, BMW negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

50. BMW negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Experian to report the Errant Loan Account with the no delay.

51. The Errant Loan Account is inaccurate and creating a misleading impression on Plaintiffs' consumer credit file with Experian to which it is reporting such tradeline.

52. As a direct and proximate cause of BMW negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

53. BMW is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

54. Plaintiff has a private right of action to assert claims against BMW arising under 15 USC 1681s-2(b).

55. WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against the Defendant Conn Credit for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW

56. Defendant/Plaintiff readopts and realleges the jurisdictional and factual allegations of this Amended Complaint.

57. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, BMW willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to report the Errant Loan Account with no delays.

58. BMW willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

59. As a direct and proximate cause of BMW willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. BMW is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

61. WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant BMW for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III.

**(Failing to Establish or to Follow Reasonable Procedures 15 U.S.C. § 1681e(b) )**

62. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Amended Complaint.

63. BMW violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

64. As a result of this conduct, action and inaction of BMW, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

65. BMW's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

66. The Plaintiff is entitled to recover costs and attorney's fees from BMW in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT IV

### (Failing to Delete Inaccurate Information 15 U.S.C. § 1681i on multiple occasions)

67. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Amended Complaint.

68. BMW violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

69. As a result of this conduct, action and inaction of BMW, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

70. BMW's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

71. The Plaintiff is entitled to recover costs and attorney's fees from BMW in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV

### (potential mail fraud)

72. Plaintiff readopts and realleges the jurisdictional and factual allegations of this Amended Complaint.

73. Defendant as a "Furnisher of Information" did not provide appropriate contact information as is required by Part 600, FCRA and FPCPA. The mailing address provided by Defendant is not accurate and is fraudulently reporting misleading information to the credit bureaus in violation with the listed federal laws above in order to avoid disputes from the Defendant and other consumers who wish to question Defendant's fraudulent activities that as a result enrich the Defendant by charging higher interest rates on future loans for damaged or low credit scores caused by fraudulent reporting of a creditor.

74. Defendant violated FCRA, FPCPA and Part 660 along with potential mail fraud by denying a letter mailed to Defendant to the address listed on the credit bureau report that is required so that consumers and the Plaintiff can dispute the accuracy of information being Furnished by Defendant. Exhibit C and C1 exemplify evidence that Plaintiff used the mailing address listed on the credit report furnished by Defendant, yet the letter mailed using USPS certified mail return receipt, was marked "NOT DELIVERABLE AS ADDRESSED" and return to sender. The exact address listed in Exhibit A, B and B1 show the same address listed in Exhibit C and C1 mailing documents and exemplifies the clear fact that Defendant violated Plaintiff's consumer rights by denying acceptance of the dispute letter mailed to Defendant.

75. WHEREFORE, Plaintiff demands judgement for damages against Defendant, BMW Financial Services NA, LLC a Florida Limited Liability Company including court costs and interest pursuant to Fla. Stat. 57.105.

76. The Plaintiff has alleged fraud and misrepresentations throughout this claim and provides proof that Defendant clearly misrepresented and acted fraudulently against the good will and protections of the consumer i.e. Plaintiff in this case by preventing Plaintiff to follow federal

laws and rules that protect Plaintiff from abusive practices and damages related to Defendant's acts.

77. Plaintiff received responses from Defendant that depict fraudulent information on more than one occasion and in letters listed as follows where Defendant denies that the address provided to the credit bureaus by the Furnisher/Defendant are accurate.

    a. August 11, 2016 is the proof of mailing a letter to Defendant via certified mail using the address provided to the credit bureaus by Defendant. (exhibit I)

    b. This letter dated August 11, 2016 was "returned to sender" the Plaintiff due to an inaccurate address, however in further documents this court will see this is falsified and a fraudulent fact verified with credit bureau document showing the same exact address on April 24, 2019, three (3) years later. (exhibit J) and again on May 2, 2019, the same day this document was filed for this court also listing the same exact address. (exhibit K)

78. The Defendant sent formal letters to Plaintiff that contradict the credit bureaus address claim that Plaintiff used an "OUTDATED ADDRESS" in Defendant's response dated September 19, 2016 and an "INCORRECT ADDRESS" in Defendant's response to Plaintiff on November 11, 2016 respectively and in direct violation of Title 16, Chapter 1 SubChapter F, Part 660 Defined as "Duties of Furnishers of Information to Consumer Reporting Agencies. (exhibit L1-L2 & M1-M6)

79. Is the Plaintiff supposed to believe that Defendant changed their address recently back to the address provided to the credit bureaus back in 2016? Is this Court supposed to believe that Plaintiff made up the fact that the addresses used to fix Plaintiff's matter amicably would use the wrong addresses to send letters to the Defendant? Or does this fact simply confirm that

Defendant has attempted to defraud Plaintiff of his legal rights and protections under the federal laws that govern big banks and creditors such as the Defendant?

80. The Plaintiff will leave the force of the facts, the overwhelming evidence provided to this court and this claim to stand for this Court to decide.

81. WHEREFORE, Plaintiff demands judgement for damages against Defendant, BMW Financial Services NA, LLC a Florida Limited Liability Company including court costs and interest pursuant to Fla. Stat. 57.105.

82. WHEREFORE, the Plaintiff, Eduardo Hernando demands judgement against the Defendant, BMW Financial Services NA, LLC a Florida Limited Liability Company for damages of Seventy Five Thousand and one ($75,001) Dollars, including court costs for this action, interest pursuant to Fla. Stat. 57.105 allowable by law from the date of violations, refunding higher interest charged by Defendant in refinance of original loan as a result of furnishing inaccurate information allowable by law, costs and expenses incurred as a result of wrongful acts, fraudulent misrepresentations and willful non-compliance with federal laws that caused Plaintiff to bring this action after years of requests, for a jury trial on all issues so triable and for such relief as this Court deems just.

By: _____EDUARDO HERNANDO  
Eduardo Hernando  
Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st, day of November, 2019, a true and correct copy of the foregoing has been furnished by E-FILE & Mail to: Dennis Campbell at 201 Alhambra Circle, Suite 602 Coral Gables, Fl. 33134 and the original has been filed with the Court.

EDUARDO HERNANDO

945 NE 75 Street
Miami, Florida 33138
Telephone:    (786) 548-8140

By:    Eduardo Hernando
_____
Eduardo Hernando
Plaintiff
eduardo@hernandogroup.com