UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-24542-MGC

EDUARDO HERNANDO, an individual,

    Plaintiff,

vs.

BMW FINANCIAL SERVICES NA, LLC,
a Florida limited liability company,

    Defendant.
_____/

## DEFENDANT BMW FINANCIAL SERVICES NA LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant BMW FINANCIAL SERVICES NA, LLC ("BMW FS"), by and through its attorneys, Saul Ewing Arnstein & Lehr, respectfully submits this Motion to Dismiss *pro se* Plaintiff's Complaint[1] pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

The basis for *pro se* Plaintiff's Complaint is far from clear and is filled with conclusory allegations relating to vague and unspecified "inaccuracies" in his credit report relating to his BMW FS account. The gravamen of his claims against BMW FS are based on alleged violations of the Fair Credit Reporting Act ("**FCRA**") and "disputes" which were originally identified by Plaintiff in 2016, over 3 years before filing this Complaint. On its face, Plaintiff's FCRA claims against BMW FS are time-barred and must be dismissed as a matter of law.

---

[1] While *pro se* Plaintiff's Complaint is styled as a "Proposed Amended Complaint," it is the initial complaint filed before this Court will be referred to herein as the "Complaint."

Even if Plaintiff could avoid this fatal defect, his claims still fail to state a viable claim for relief. For example, many of his FCRA claims arise from obligations for which Plaintiff does not possess a private right of action. Further, Plaintiff's FCRA claims against BMW FS are based on nothing more than vague and conclusory allegations of "inaccuracies" in his credit report from BMW FS. These unspecified allegations of "inaccurate" information do not and cannot state a viable claim for relief against BMW FS.

Finally, Plaintiff's claim for "potential mail fraud" is likewise fatally flawed. As described below, Plaintiff's "mail fraud" claim is not plead with the requisite particularity and is inextricably intertwined with, and therefore preempted by, his FCRA claims.

Based on the foregoing, Plaintiff's Complaint must be dismissed as a matter of law.

### PLAINTIFF'S FACTUAL ALLEGATIONS

On October 1, 2014, Plaintiff entered into a written loan contract with BMW FS (the "Account"). *Compl.* ¶ *14*. Plaintiff alleges that on or about August 6, 2016 he submitted a letter to BMW FS "disputing the Errant Loan Accounts." *Id*. at ¶31. Among other things, Plaintiff claims that "upon information and belief," BMW FS is inaccurately reporting "erroneous dates of monthly payments," "erroneous INFORMATION," "erroneous DISPUTES," "erroneous RESOLUTION OF DISPUTES," "erroneous DISPUTE ADDRESS," and "erroneous ACCURACY OF INFORMATION." *Id*. at ¶¶24-29. According to Plaintiff, BMW FS included an incorrect or erroneous "dispute address" to which Plaintiff could submit his direct disputes and one of his prior direct disputes was returned as "undelivered." *Id*. at ¶¶35-40. Plaintiff's Complaint is devoid of any additional details regarding the alleged "inaccuracies" with his credit report.

Plaintiff admits that he first disputed these "inaccuracies" to BMW FS by letter on August 6, 2016. *Id*. at ¶31. Plaintiff attaches a series of communications beginning in August 2016 in which he claims various "inaccuracies" with his credit account, including the issue with the alleged "incorrect address." *Id*., Exs. A to L2. Plaintiff also attaches a complaint he filed with the Consumer Financial Protect Bureau on or about January 13, 2018 in which he alleged "BMW Financial claims they have addressed the accuracy of the account and payment history, however I have disputed this accuracy multiple times since 2016." *Id*., G2-G3. Thus, according to the allegations and documents attached to Plaintiff's Complaint, he was fully aware of the alleged "inaccuracies" with his credit reporting beginning in August 2016.

Although the exhibits attached to Plaintiff's Complaint show that within weeks of his original letters, Plaintiff had BMW FS's correct contact information and was corresponding with them using same, Plaintiff alleges that because his first two letters had the wrong address and were returned undeliverable, he suffered "damages, mental anguish, suffering, humiliation, embarrassment, lower credit score and higher rate of interest." *Id*. ¶¶ 38-40.

Plaintiff's filed his Complaint against BMW FS before this Court on November 1, 2019. Plaintiff's Complaint asserts the following five counts against BMW FS

- Negligent Violation of FCRA (Count I);

- Willful Violation of FCRA (Count II);

- Failing to Establish or Follow Reasonable Procedures under FCRA (15 U.S.C. §1681e(b)(Count III);

- Failing to Delete Inaccurate Information under FCRA (15 U.S.C. §1681i)(Count IV); and

- "Potential Mail Fraud" (Count V).

For the herein, Plaintiff's Complaint fails as a matter of law and must be dismissed.

**ARGUMENT**

**I.    Plaintiff Fails to Allege Any Viable Claims Under Rule 12(b)(6).**

    **A.    Legal Standard**

Accepting the facts in the Complaint as true, they are insufficient "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]ables, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Barr v. Gee*, 437 Fed. Appx. 865, 874 (11th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). Rather a plaintiff must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff's Complaint is subject to dismissal because his FCRA claims are time-barred and fail to include the necessary factual allegations to support and maintain his claims against BMW FS. His claim for "potential mail fraud" is nothing more than a restated FCRA claim and likewise fails as a matter of law.

    **B.    Plaintiff's FCRA Claims Must Be Dismissed**

        **1.    Plaintiff's Claims are Time Barred by the Two Year Statute of Limitations**

According to the allegations contained in Plaintiff's Complaint, along with the documents attached thereto, Plaintiff was fully aware of the alleged "inaccuracies" in his credit report beginning in August 2016, more than three years before the filing of this Action. As a result, Plaintiff's claims are time-barred by the applicable statute of limitations and must be dismissed as a matter of law.

Pursuant to FCRA, an action to enforce a FCRA violation must be filed "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §1681p. This Court has recognized this limitation and dismissed FCRA actions where, as here, the date of discovery is clear based on the four corners of the complaint. *Berry v. Bank of Am., N.A.*, No. 18-CV-60722, 2018 WL 3126218 (S.D. Fla. June 26, 2018). In *Berry*, the Court dismissed a plaintiff's FCRA claim where the allegations confirmed that plaintiff was aware of the alleged FCRA violations well beyond the 2 year statute of limitations. *Id*. at *3. Further, the Eleventh Circuit has repeatedly held that "it is proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint . . . ." *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003); *see also La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *Bhd. Of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008); *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

The same result as in *Berry* should follow here and lead to the dismissal of Plaintiff's Complaint. As described above, it is clear from the face of the Complaint, that Plaintiff was aware of the alleged inaccurate reporting as early as August 6, 2016, when he submitted his first direct dispute to BMW FS. *Compl. at ¶31; Compl. at Ex. F* (pages 6-7) ("On or about August 06, 2016, Plaintiff submitted a letter to BMW… disputing the Errant Loan Accounts…."). However, the instant Complaint was not filed until November 1, 2019, more than three years since the discovery of the alleged violation. As such, Plaintiff's FCRA claims (Counts I-IV) should be dismissed with prejudice, as no subsequent amendment can cure this fatal defect.

### 2. Many Of Plaintiff's Alleged FCRA Violations Do Not Provide For A Private Right Of Action

While FCRA includes various requirements for furnishers to follow in the reporting of consumer credit information, only one of these requirements (the requirement to undertake a "reasonable investigation" upon notice from a credit reporting agency) provides a consumer with a private right of action. As such, Counts III and IV of Plaintiff's Complaint, which are based on BMW FS's "failure to delete inaccurate information" and/or to "establish or follow reasonable procedures to assure maximum possible accuracy," must be dismissed as a matter of law. *See Compl., ¶¶62-71.*

Furnishers of consumer credit information are required to (1) report accurate information to CRAs regarding consumers, *see* 15 U.S.C. § 1681s–2(a); and (2) conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher. *Felts v. Wells Fargo Bank, N.A.,* 893 F.3d 1305, 1312 (11th Cir. 2018)(citing 15 U.S.C. § 1681s–2(a) and § 1681s–2(b)). However, "[c]onsumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts." *Id*. (citing *See id.* § 1681s–2(c)(1)). Instead, "**the only private right of action** consumers have against furnishers is for a violation of § 1681s–2(b), which requires furnishers to conduct an investigation following notice of a dispute." *Id*. (emphasis added).

Here, Counts III and IV of Plaintiff's Complaint are based on BMW FS's alleged failure to "establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports" pursuant to 15 U.S.C. §1681e(b) (Count III) and to "delete inaccurate information" pursuant to 15 U.S.C. §1681i (Count IV). *See Complaint, ¶¶62-71.* As an initial matter, Plaintiff's reliance on 15 U.S.C. §1681i is misplaced. The obligations set forth in §1681i apply only to "credit reporting agencies" and not "furnishers" of information, such as

BMW FS.  *See Devincenzi v. Experian Info. Sols., Inc.,* 2017 WL 86131, at *4 (N.D. Cal. Jan. 10, 2017)("The obligations of consumer reporting agencies ("CRAs") are described in 15 U.S.C. § 1681i.").  On this basis alone, Count IV of Plaintiff's Complaint must be dismissed.

Further, Plaintiff's claims in Count III and IV do not arise from BMW FS's obligations to undertake a "reasonable investigation" pursuant to § 1681s–2(b), and therefore, do not provide Plaintiff with a private right of action under FCRA.  As such, Plaintiff's claims in Count III and IV of his Complaint must be dismissed as a matter of law.

      **3.**      **Plaintiff's FCRA Claims Must Be Dismissed Because He Fails to Adequately Allege Any Inaccuracy In BMW FS's Reporting**

Plaintiff's FCRA claim against BMW FS is based on nothing more than vague and conclusory allegations of "inaccuracies" in his credit report from BMW FS.  These unspecified allegations of "inaccurate" information are insufficient to state a viable claim for relief against BMW FS.

It is well-accepted that a plaintiff must plead sufficient facts that allow a court to draw a reasonable inference that a defendant is liable for the alleged misconduct and conclusory labels or a recitations of the elements of a cause of action are insufficient to carry this basic pleading burden.  *See Iqbal*, 556 U.S. at 678; *see also Barr*, 437 Fed. Appx. at 874.  In order for a plaintiff to state a viable claim of a FCRA violation under § 1681s-2(b), he or she is required to sufficiently allege that inaccurate information was reported on plaintiff's credit report by the defendant.  *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3730897, at *2-3 (S.D. Fla. May 3, 2018), report and recommendation adopted, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018); *Butler v. Midland Funding*, 2017 WL 6887007 (N. D. Fla. Dec. 11, 2017) ("A plaintiff must show a factual inaccuracy rather than the existence of a disputed legal question to bring suit against a furnisher under § 1681s-2(b).")  In other words, a

plaintiff must make the allegation, supported by sufficient facts, that the information reported to the credit reporting agencies by the defendant was inaccurate. *Schuh,* at *2. "In the absence of inaccurate information there can be no finding that a furnisher conducted an unreasonable investigation." *Id*. at *3. In *Butler*, the district court dismissed the plaintiff's amended complaint because it did "not allege plaintiff notified defendants that specific information furnished to consumer reporting agencies was inaccurate and 'the information is, in fact, inaccurate.'" *Butler,* at *458. Additionally, a "plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher conducted a reasonable investigation, … the furnisher would have discovered that the information it reported was inaccurate or incomplete…" *Id*. at *458. Plaintiff's Complaint is devoid of any facts which would support these essential elements. Plaintiff fails to allege what, if anything, was inaccurate about BMW's reporting.

Instead, Plaintiff's Complaint is replete with conclusory labels and claims of "inaccuracies" in the "dates of monthly payment," "erroneous information," "erroneous disputes," and "erroneous resolution of disputes." *Compl.* ¶¶*24-27*. The only alleged "inaccuracy" that can be gleaned from Plaintiff's Complaint is the alleged inaccuracy relating to the address where Plaintiff was directed to send his direct disputes. However, this alleged inaccuracy is entirely unrelated to Plaintiff's personal credit information and cannot serve as a basis for a FCRA claim. Further, it appears that Plaintiff was fully informed of the correct address shortly after his first communication with BMW FS because the attachments detail numerous communications between the parties in 2016. *See Compl., Ex. L1-L2.*

Plaintiff's remaining claims arising from alleged "inaccuracies" in the dates of the monthly payments and the "disputes," are inadequately plead and fail to provide the requisite

factual specificity to support a viable claim for relief. As such, Plaintiff has failed to state a cause of action under § 1681s-2(b), and Counts I through IV involving FCRA should be dismissed.

   **C.**  **Plaintiff's Claim of "Potential Mail Fraud" Must Be Dismissed**

Plaintiff's claim for "potential mail fraud" is nothing more than a restatement of Plaintiff's FCRA claim, but with a different label. Specifically, Plaintiff's "potential wire fraud" claim references and relies on alleged "violations" of FCRA and the failure to provide "appropriate contact information as required by" FCRA and the FDCPA. Compl., ¶73-74. Thus, Plaintiff's "potential mail fraud" presents a classic case for FCRA preemptions and further fails to plead this claim with the requisite specificity.

FCRA §1681t(b)(1)(F) expressly provides that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…" *See also* 15 U.S.C. § 1681h(e). A growing number of Courts have found that this provision expressly preempts state law tort claims which are based on and arise out of state allegations of inaccurate reporting or information. *Perry v. Matrix Fin. Servs. Corp.,* 2019 WL 1597883, at *8 (N.D. Ala. Apr. 15, 2019)(citing *Bush v. J.P. Morgan Chase Bank, N.A.,* 2016 WL 324993, at *7 (N.D. Ala. Jan. 27, 2016)("Consequently, the court agrees with the growing trend finding that § 1681t(b)(1)(F) bars state law tort claims based on inaccurate credit reporting by furnishers.").

Here, there is little doubt that Plaintiff's "potential mail fraud" claim arises out of the very same allegations of "inaccuracies," if not the alleged FCRA violations themselves, that served as the basis for his FCRA claims. As such, Plaintiff's "potential mail fraud" is preempted by FCRA and must be dismissed as a matter of law.

Even if Plaintiff can side-step this fatal flaw, his claims for "potential mail fraud" still fail to state a viable claim for relief. Fed. R. Civ. P. 9(b) requires that claims of fraud "the circumstances constituting fraud ... shall be stated with particularity." The essential elements of a mail fraud claim are a scheme to defraud, that the defendant "caused" a use of the mails, and that the mailing was for the purpose of executing the scheme. *United States v. Hewes,* 729 F.2d 1302 (11th Cir. 1984), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). Plaintiff's Complaint fails to sufficiently allege any of the elements necessary for a claim of "mail fraud."

As an initial mater, there is no sufficient allegation of any "fraudulent scheme." Instead, Plaintiff alleges only that he sent his dispute to an incorrect address that was apparently provided by a third-party, not BMW FS itself. *See Compl., ¶74* ("Defendant violated FCRA…by denying a letter mailed to Defendant **to the address listed on the credit bureau report**…")(emphasis added); *see also Compl., Ex. L1* ("…while we understand you mailed your dispute to an outdated address that was provided to you by a third-party…"). Thus , Plaintiff has not alleged that BMW FS has used the "mails" to effectuate some type of fraudulent scheme, or that the unidentified mailing was for the purpose of executing the fraudulent scheme. Plaintiff's vague and conclusory allegations fall well-short of the requisite specificity required to state a fraud claim under Fed. R. Civ. P. 9(b) and must be dismissed as a matter of law.

## **CONCLUSION**

Based on the foregoing, BMW FS respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and aware BMW FS any such further relief that this Court deems just and prudent.

Dated: December 5, 2019.                          Respectfully submitted,

/s/ Abbigail E. Webb
ABBIGAIL E. WEBB
Florida Bar No. 086985
SAUL EWING ARNSTEIN & LEHR LLP
*Attorneys for Defendant BMW Financial Services NA, LLC*
200 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Telephone:   305-374-3330
Facsimile:   305-374-4744
E-Mail: mia.ctdocs@saul.com
E-Mail: Abbigail.Webb@saul.com
E-Mail: Ryan.DiClemente@saul.com
E-Mail: Cordero.Virginia@saul.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served via the Southern District of Florida's CM/ECF on **December 5, 2019**. *Pro-se* Plaintiff, **EDUARDO HERNANDO**, has filed a Consent to Receive Notices of Electronic Filing, at the email address of Eduardo@HernandoGroup.com, and was served through filing in the CM/ECF system.

/s/ Abbigail E. Webb
ABBIGAIL E. WEBB
Florida Bar No. 086985