UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-24542-MGC

**EDUARDO HERNANDO**, an individual,

    Plaintiff,

vs.

**BMW FINANCIAL SERVICES NA, LLC**,
a Florida limited liability company,

    Defendant.
_____/

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, BMW FINANCIAL SERVICES NA, LLC ("**BMW FS**"), a Delaware limited liability company, by and through its attorneys, Saul Ewing Arnstein & Lehr, files this reply to Plaintiff's Opposition to Defendant's Motion to Dismiss [DE #8], and states as follows:

### INTRODUCTION

Plaintiff's claims are premised on alleged violations of the Fair Credit Reporting Act ("**FCRA**") and for "potential mail fraud" related to the purported "inaccurate" reporting of Plaintiff's account. As set forth in BMW FS's Motion to Dismiss, Plaintiff vague references to alleged "inaccuracies" in his credit report, without more, is insufficient to state an FCRA claim as a matter of law. Further, the alleged "inaccuracies" were originally identified by Plaintiff in 2016, over 3 years before the filing of his Complaint, rendering them time-barred by the two year statute of limitations. Plaintiff's final count for "potential mail fraud" is inextricably intertwined with his FCRA counts, preempted by the FCRA, and insufficiently pled as matter of law.

1

Plaintiff's opposition to BMW FS's Motion to Dismiss (Plaintiff's "Opposition"), fails to meaningfully address these fatal flaws or provide a valid basis to avoid the dismissal of his Complaint.  For example, Plaintiff does not and cannot dispute the timeline of events that lead to the ultimate conclusion that his claims are barred by the applicable statute of limitations. Instead, Plaintiff argues that the statute of limitations does not apply because 1) he considers the "violations" to be of a continuing nature, and 2) that the statute of limitations was tolled due to a prior state court case that he voluntarily dismissed involving the same claims.  These purported "defenses" do not provide a valid basis to avoid the dismissal of his claims based on the applicable statute of limitations.

Further, Plaintiff fails to identify or provide any additional detail regarding the alleged "inaccuracies" that serve as the basis for his FCRA claims.  Instead, for the first time, Plaintiff asserts a brand new allegation regarding BMW FS's alleged "impermissible purpose" in using his credit report.  Even if considered, this newly asserted claim fails, like the rest of his claims, to state a valid claim for relief and as such, Plaintiff's Complaint should be dismissed as a matter of law.

## ARGUMENT

I.      **Plaintiff Fails to Allege Any Inaccurate Reporting in FCRA Claims**

In his Opposition, Plaintiff fails to meaningfully address BMW FS's contention that his Complaint insufficiently identifies the alleged "inaccuracies" that serve as the basis for his FCRA claims.  Instead, Plaintiff simply restates the same general and conclusory allegations that are insufficient as a matter of law.

As set forth in BMW FS's moving brief, Plaintiff is required to specify the inaccuracies in his credit report in order to make out a valid claim for relief under the FCRA.  *Schuh v. Am.*

*Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3730897, at *2-3 (S.D. Fla. May 3, 2018), report and recommendation adopted, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018); *Butler v. Midland Funding*, 2017 WL 6887007 (N. D. Fla. Dec. 11, 2017) ("A plaintiff must show a factual inaccuracy rather than the existence of a disputed legal question to bring suit against a furnisher under § 1681s-2(b).")

In his Opposition, Plaintiff fails to identify any additional alleged facts that would support his claims of generalized "inaccuracies" in his credit report. Specifically, Plaintiff relies on his conclusory allegations regarding "erroneous information," "erroneous disputes," "erroneous resolution of disputes," "erroneous dates of monthly payments," and "erroneous dispute address." *Plaintiff's Opposition, pg. 3*. Aside from Plaintiff's claims regarding the "erroneous dispute address," which is addressed below, these allegations are quintessential "conclusory assertions," which need not be accepted as true on a motion to dismiss. *See Barr v. Gee*, 437 Fed. Appx. 865, 874 (11th Cir. 2011); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). For example, there are no facts that would assist BMW FS, or this Court, in determining what "erroneous" dispute or information is at issue, or what was purportedly incorrect about the "monthly payments." These allegations are insufficient as a matter of law and fail to provide a valid basis for relief.

Plaintiff's claims regarding the alleged "inaccuracy" of BMW FS's address to submit direct disputes is similarly flawed and fails to state a valid claim for relief. As an initial matter, BMW FS's allegedly "incorrect address" has nothing to do with Plaintiff's "credit information" and cannot serve as the basis for an alleged FCRA Violation. FCRA defines the information in a "Consumer report" as information that "bears on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which

3

is used for the purpose of determining eligibility for credit.  15 U.S.C. § 1681(a).  BMW FS's contact address falls outside of the scope of credit information subject to the FCRA's protections, and cannot therefore, serve as the basis for his claims.   Further, the alleged "inaccuracy" in BMW FS's address was immediately remedied and Plaintiff's direct dispute was ultimately considered by BMW FS.[1]  Thus, Plaintiff's Complaint fails to sufficiently plead any "inaccuracies" that could serve as the basis for his claims against BMW FS and his Complaint must be dismissed as a matter of law.

II.     **The Statute of Limitations Bars Plaintiff's Claims**

Plaintiff's generalized claims of "inaccuracies" were admittedly discovered in 2016, disputed by Plaintiff almost immediately thereafter, and are therefore time-barred by FCRA's two years of statute of limitations.  Plaintiff fails to meaningfully dispute BMW FS's contention regarding the applicable statute of limitations and the underlying facts.  However, he seeks to side-step the dismissal of his claims by alleging BMW FS's continued reporting of these alleged "inaccuracies" tolls the statute of limitations and his previously filed, and subsequently dismissed complaint in small claims court, somehow avoid the dismissal of his claims.  Both of these contentions fail to save his time-barred Complaint from dismissal.

    A.     **Plaintiff's Claim Of "Continuing Violations" Fails To Provide A Valid Basis To Avoid The Dismissal Of His Complaint**

Plaintiff cannot avoid the dismissal of his time-barred claims with bare allegations that the purported  "inaccuracies" are "continuing" and therefore, are not barred by the applicable

---

[1] Despite an outdated address on the credit reports, on the face of the Complaint, Plaintiff was informed of BMW's new address and, per the exhibits attached to the Complaint, communicated with BMW at the new address within weeks of his original letters sent to the old address.  [dkt #1 Exs. F, G, L].

4

statute of limitations. Plaintiff's claims of "continuing violations" are belied by the allegations in his own Complaint and fail to provide a legal basis to avoid the dismissal of his Complaint.

As an initial matter, Plaintiff's claim that BMW FS's "incorrect address" is somehow "continuing" is contradicted by the exhibits attached to Plaintiff's Complaint which demonstrate that Plaintiff was informed of BMW FS's new address and communicated with BMW FS within weeks of his original letters. [dkt #1 Exs. F, G, L]. Thus, Plaintiff's claims of "continuing violations" relating to the alleged "incorrect address" should be disregarded.

Even if Plaintiff's vague claims of "continuing violations" could be considered, it fails to toll the applicable statute of limitations. Many courts considering this question, including those within this very district, have held that the re-reporting of prior inaccuracies is insufficient to toll FCRA's 2 year statute of limitations after discovery. *See Solis v. CitiMortgage, Inc.*, No. 1:16-CV-20612-UU, 2018 WL 10087064, at *4 (S.D. Fla. Jan. 3, 2018); *Bittick v. Experian Info. Solutions, Inc.*, 419 F.Supp. 2d 917 (N.D.Tex. 2006) (holding that a new dispute regarding the same allegedly false information does not re-start the limitations period); *Hancock v. Charter One Mortg.*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008) (dismissing FRCA claim based on statute of limitations and rejecting argument that subsequent disputes regarding the *same allegedly erroneous information* restart the statute of limitations). The reason for refusing to toll the statute of limitations is that a plaintiff could "indefinitely extend the limitations period" in perpetuity with new disputes regarding the same allegedly inaccurate information. *Bittick* at 919. Thus, Plaintiff's bare and unspecified claims of "continuing violations" fail to save his claim from dismissal.

> **B.    Plaintiff's Reference To His Previous Small Claims Case Does Not Toll Or Extend The Statute of Limitations**

In an attempt to avoid the dismissal of his claims, Plaintiff also references a prior state court small claims action claiming that the statute of limitations should be tolled from the date he filed this prior action (the "Prior Action").  However, as described below, Plaintiff's decision to originally file the Prior Action, only to voluntarily dismiss it and refile before this Court, does not toll the applicable statute of limitations and provide a basis to avoid the dismissal of his Complaint.

Not surprisingly, Plaintiff fails to reference any authority for the proposition that the statute of limitations should be tolled from the Prior Action.  Instead, Courts that have considered this question in similar circumstances have held that the statute of limitations <u>are not</u> tolled.  In a similar case where a plaintiff filed first in federal court, voluntarily dismissed, and then filed again in federal court seven weeks later, but after the statute of limitations had elapsed, the Fifth Circuit found that the first action did <u>not</u> toll the statute of limitations.  *Goff v. United States*, 659 F.2d 560 (5th Cir. 1981) (prior federal suit voluntarily dismissed by the plaintiff did not toll the statute of limitations).  The Eleventh Circuit has held that a prior federal suit dismissed without prejudice did <u>not</u> toll the statute of limitations.  *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations").

The same result should follow here.  It is undisputed that the filing of this Action is barred by the applicable statute of limitations and for the reasons discussed above, cannot be saved by the filing and subsequent dismissal of the Prior Action.  Thus, Plaintiff's Complaint must be dismissed as a matter of law.

### III. Plaintiff's New Allegations Regarding Impermissible "Use" Of His Credit Reports Was Never Pled And Nevertheless, Fails To State An Adequate Claim For Relief

Plaintiff's Complaint is premised on BMW FS's alleged "false reporting on Plaintiff's credit file and/or consumer reports, failures to follow reasonable procedures to assure maximum possible accuracy of information concerning the Plaintiff… ." Plaintiff's Complaint, ¶3. The obligations of a "furnisher" of credit information arises under 15 USC §1681s–2. Yet, for the first time in his Opposition, Plaintiff asserts alleged FCRA violations under an entirely different section of FCRA, §1681q, governing the obligations of "users" of consumer reports. Whether Plaintiff is intentionally attempting to confuse the issues, or simply does not understand this distinction, Plaintiff's newly formed claims are unpled and should not be considered as part of his opposition to BMW FS's Motion to Dismiss. Even if considered, Plaintiff's claims that BMW FS violated its obligations as a "user" of consumer reports is conclusory, inadequately pled, and contradicted by his own allegations.

As an initial matter, Plaintiff fails to identify what "consumer reports" BMW FS obtained or by what "false pretenses" such reports were obtained. Putting aside this basic pleading deficiency, Plaintiff's contention that BMW FS obtained his credit report under "false" pretenses is contradicted by his own allegations. For example, Plaintiff admits he "entered into a written financial agreement" with BMW FS. Plaintiff's Complaint, ¶14. Such transactions are expressly identified as a "permissible purpose" under the FCRA and additionally, would have provided BMW FS with a "permissible business need" for any such information. *See* 15 U.S.C.A. § 1681b(a)(3)(A) and (F)(i). Thus, Plaintiff's vague claims that BMW FS impermissibly "used" or "obtained" his consumer reports under false pretenses is entirely misplaced.

### IV. Plaintiff's Opposition Fails To Meaningfully Oppose The Dismissal Of His "Mail Fraud" Claim

In its Moving Brief, BMW FS argued that Plaintiff's claim for "mail fraud" presented a classic case for FCRA preemption and further failed to plead this claim with the requisite specificity. Plaintiff utterly ignores these arguments for dismissal and this intentional omission is nothing short of a tacit admission that his claims for "mail fraud" cannot be cured and should be dismissed as a matter of law.

### CONCLUSION

As Plaintiff's arguments did not cure any of the fatal deficiencies in his Complaint, namely that he did not state a cause of action, that many of his FCRA claims arise from obligations for which he does not have a private right of action, that his FCRA claims are time barred, and that his "potential mail fraud" counts is inextricably intertwined and preempted by FCRA claims and not plead with particularity, the Complaint necessitates dismissal under Rule 12(b)(6).

Dated: December 27, 2019

Respectfully submitted,

*/s/ Abbigail E. Webb*
ABBIGAIL E. WEBB
Florida Bar No. 086985
SAUL EWING ARNSTEIN & LEHR LLP
*Attorneys for Defendant BMW Financial Services NA, LLC*
200 S. Biscayne Blvd., Suite 3600
Miami, Florida 33131
Telephone: 305-374-3330
Facsimile: 305-374-4744
E-Mail: Abbigail.Webb@saul.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served with the Clerk through the Southern District's CM/ECF on **December 27, 2019** to: EDUARDO HERNANDO, Plaintiff (*Pro Se*), at Eduardo@HernandoGroup.com, who filed a Consent to Receive Notices of Electronic Filing.

                 */s/ Abbigail E. Webb*
                 ABBIGAIL E. WEBB