UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24542-Civ-COOKE/GOODMAN

EDUARDO HERNANDO,

　　　　Plaintiff,

vs.

BMW FINANCIAL SERVICES NA, LLC,

　　　　Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's Motion to Dismiss (ECF No. 5) Plaintiff's Complaint (ECF No. 1). Plaintiff filed a Response in Opposition to Defendant's Motion (ECF No. 8), and Defendant submitted a Reply in support of its Motion (ECF No. 11). I have reviewed the Motion, the Opposition, the Reply, and the relevant legal authorities. For the reasons discussed below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.　　FACTUAL BACKGROUND

On or about October 1, 2014 Plaintiff Eduardo Hernando ("Plaintiff") obtained a loan from Defendant BMW Financial Services NA, LLC ("BMW FS"). *Compl.*, ECF No. 1 at ¶ 14. Sometime after obtaining the loan, Plaintiff learned that his credit report showed that he had a history of making untimely payments on the account. *Id.* at ¶ 31. The credit report also contained "erroneous disputes," "erroneous resolution of disputes," "erroneous dispute address," and other inaccurate "information." *Id.* at ¶¶ at 24-29. Plaintiff wrote to BMW FS on August 6, 2016, notifying them of these alleged inaccuracies. *Id.* at ¶ 31.

BMW FS furnishes information about Plaintiff's loan account to credit reporting agencies, including Experian. On April 17, 2019, Plaintiff informed Experian that his credit report contained inaccurate information provided by BMW FS. *Id.* at ¶ 30. Experian,

in turn, informed BMW FS that Plaintiff was disputing the accuracy of his loan history; including the note he had made several late payments.  *Id.*

Following Plaintiff's unsuccessful attempts to correct the information in his credit report, Plaintiff filed this five-count Complaint on November 1, 2019.  Counts I and II allege that BMW FS negligently and willfully failed to properly investigate Plaintiff's disputes regarding the alleged inaccuracies.  Count III alleges that BMW FS failed to establish or follow reasonable procedures in conducting its investigation regarding Plaintiff's disputes.  Count IV alleges that BMW FS failed to delete inaccurate information from Plaintiff's credit report, as required by the Fair Credit Reporting Act ("FCRA").  Count V asserts a claim for "potential mail fraud."

Plaintiff alleges that the inaccurate information BMW FS has provided regarding his loan history has caused him "mental anguish, suffering, humiliation, embarrassment, lower credit score and higher rate of interest."  *Id.* at ¶ 40.  Plaintiff also claims that he has been unable to "improve his financial situation by obtaining new or more favorable credit terms" because of these alleged inaccuracies.  *Id.* at ¶ 46.  BMW FS now moves this Court to dismiss Plaintiff's claims as time barred.  ECF No. 5 at 1.  In the alternative, BMW FS argues that the claims should be dismissed for failure to state a claim. *Id.* at 2.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) mandates that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy the Rule 8 pleading requirements, a complaint must provide the Defendant fair notice of Plaintiff's claim and the grounds upon which it rests.  *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 512(2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)).

Upon consideration of a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (quoting *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

BMW FS argues that Plaintiff's claims must be dismissed because: (i) they are barred by the applicable statute of limitations, and (ii) to the extent that the Court finds otherwise, Plaintiff has failed to state a claim. The Court addresses each argument in turn.

### A.  The Statute of Limitations

A claim arising under the FCRA must be brought "not later than the earlier of: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. BMW FS argues that Plaintiff's claims are time barred because Plaintiff was aware of "the alleged inaccuracies in his credit report in August 2016, more than three years before the filing of this [a]ction." ECF No. 5 at 4. It is BMW FS's position that the statute of limitations began to run in August 2016 when Plaintiff learned of the alleged inaccuracies and notified BMW FS in the August 6, 2016 letter. This argument is incorrect, and Plaintiff's claims are not time-barred.

Plaintiff alleges that BMW FS is a furnisher of information within the meaning of the FCRA, and BMW FS does not dispute that it furnishes consumer debt information to

credit reporting agencies.   *Compl.*, ECF No. 1 at ¶ 19.   Pursuant to Section 1681s-2(b), furnishers of information have a duty to investigate disputed information after receiving notice of a dispute concerning the accuracy of information from a consumer reporting agency.   15 U.S.C. § 1681s-2(b).   A furnisher's duty to investigate disputed information under this subsection arises only after the furnisher receives notice from a consumer reporting agency.   It is the notice from the consumer reporting agency that triggers a furnisher's duty to investigate, not notice by the consumer directly or knowledge of an alleged inaccuracy—as BMW FS argues.   *Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir. 2009) ("[15 U.S.C. § 1681s-2(b)] can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.").   Section 1681s-2(b) also imposes a deadline of thirty days, from the time of notice of the consumer's dispute, to comply with its provisions. 15 U.S.C. § 1681s-2(b)(2). Therefore, a violation under 15 U.S.C. § 1681s-2(b) occurs only when a furnisher fails to conduct a proper investigation within 30 days after receiving notice of a dispute from a consumer reporting agency but fails to conduct a proper investigation as required by the statute.

Although Plaintiff devotes a significant portion of the Complaint to his direct communications with BMW FS beginning in August 2016, Plaintiff also alleges that he informed Experian of the alleged inaccuracies "on or about April 17, 2019" and that "Experian forwarded [his] dispute to" BMW FS.   *Compl.*, ECF No. 1 at ¶ 30.   Thus, any violation of BMW FS's duties to investigate arose thirty days after BMW FS received notice of Plaintiff's dispute from Experian.   Although the Complaint does not allege a date for when Experian notified BMW FS, Plaintiff alleges that BMW FS verified the accuracy of its information to Experian on April 24, 2019.   *Id.* at ¶ 31.   Plaintiff filed this action on November 1, 2019—merely months after BMW FS purportedly conducted an investigation.

The action is therefore timely, and BMW FS's motion to dismiss Plaintiff's claims as time-barred is denied.

### B. Violations of the FCRA

#### I. Counts I & II

As discussed above, 15 U.S.C. § 1681s-2(b) imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a consumer reporting agency. Thus, to state a claim under 15 U.S.C. § 1681s-2(b), plaintiff must allege that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in willful or negligent noncompliance with the statute.

Here, Plaintiff alleges that BMW FS, a furnisher, received notice from Experian, a consumer/credit reporting agency, that Plaintiff was disputing the accuracy of the information in his credit report.  *Compl.*, ECF No. 1 at ¶ 30.  Plaintiff also alleges that BMW FS willfully and negligently failed to conduct an investigation in accordance with 15 U.S.C. § 1681s-2(b).  Plaintiff alleges that BMW FS failed to consult relevant guidelines in investigating his disputes regarding the timeliness of his payments and other inaccurate "information."  *Id.* at 34.  Plaintiff's Complaint could certainly be clearer and more precise; especially in identifying what other inaccuracies were included in his credit report. However, the Court is required to draw all inferences in Plaintiff's favor, and to construe this *pro se* drafted pleading liberally so as to do justice.  Therefore, the Court finds that Plaintiff has alleged sufficient facts to state a violation of 15 U.S.C. § 1681s-2(b).

#### II. Counts III & IV

Plaintiff also alleges causes of actions pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i for failure to establish or follow reasonable procedures, and for failure to delete inaccurate information.  However, these subsections of the FCRA are exclusively applicable to consumer reporting agencies, not furnishers of information.  *See* 15 U.S.C. §

1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); 15 U.S.C. § 1681i (outlining procedures for credit reporting agencies to follow in the case of a disputed accuracy). *See also Tidwell v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 24233, *6 (M.D. Ala. February 13, 2018) ("Tidwell's claims against BoA under 15 U.S.C. §§ 1681e(b) and 1681i are due for dismissal because those provisions apply only to consumer reporting agencies.").

Plaintiff has alleged that BMW FS is a furnisher of information, not a consumer reporting agency, such as Experian. Plaintiff has consequently failed to state a claim for which relief may be granted under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i. S*ee Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) ("[T]he only private right of action consumers have against furnishers is for a violation of § 1681s-2(b), which requires furnishers to conduct an investigation following notice of a dispute."). BMW FS's motion to dismiss these claims is therefore granted, and Counts III and IV are dismissed with prejudice.

### III.    Count V

Finally, Plaintiff asserts a claim of "potential mail fraud." *Compl.*, ECF No. 1 at ¶¶ 72-82. Plaintiff alleges that BMW FS "violated FCRA, FDCPA[1] and Part 660 along with potential mail fraud by denying a letter mailed to Defendant to the address listed on the credit bureau report." *Id.* at 74. Plaintiff requests damages pursuant to a Florida statute for this "potential mail fraud." Defendant moves the Court to dismiss this cause of action because it is a state law claim preempted by the FCRA. However, the legal basis for this cause of action is entirely unclear. Plaintiff has not identified what statute or law provides a cause of action for "potential mail fraud" premised on providing an incorrect mailing

---

[1] Plaintiff alleges that Defendant violated portions of the "FPCPA." The Court assumes Plaintiff intended to state that BMW FS violated portions of the FDCPA.

address.  Count V is consequently dismissed without prejudice.  If Plaintiff wishes to clarify this cause of action, Plaintiff may file an amended complaint that complies with F.R.C.P. 9(b) **on or before August 14, 2020**.

## IV.    CONCLUSION

For the reasons provided herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss is **DENIED** as to **Counts I & II**.

2. Defendant's Motion to Dismiss is **GRANTED** as to **Counts III & IV**. Counts III & IV are **DISMISSED** *with prejudice*.

3. Defendant's Motion to Dismiss is **GRANTED** as to **Count V**. Count V is **DISMISSED** *without prejudice*.  Plaintiff may file an amended complaint **on or before August 14, 2020.**

**DONE and ORDERED** in Chambers, Miami, Florida, this 7th day of August 2020.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*