IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE, FLORIDA

CASE NO.: 1:19-CV-24542-MGC

**EDUARDO HERNANDO**, an individual

    Plaintiffs,

vs.

**BMW FINANCIAL SERVICES NA, LLC**,
a Florida limited liability company,

    Defendants.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, **BMW FINANCIAL SERVICES NA, LLC** ("**BMWFS**"), as and for its Answer and Affirmative Defenses to Plaintiff's "Amended Complaint with Jury Trial Demand" (D.E.19), states as follows:

**I. PRELIMINARY STATEMENT**

1.    The allegations in Paragraph 1 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 1 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

2.    The allegations in Paragraph 2 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 2 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

3.    The allegations in Paragraph 3 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 3 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

4. BMW admits that it maintains and reports information to the credit agencies regarding Plaintiff's payments in relation to Plaintiff's loan. Plaintiff denies the remaining allegations set forth in Paragraph 4 as written.

5. The allegations in Paragraph 5 contain legal conclusions for which no response is required. To the extent a response is required, BMWFS denies the allegations set for the in Paragraph 5.

## II. PARTIES

6. BMWFS admits that EDUARDO HERNANDO is a natural person, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6.

7. BMWFS admits that EDUARDO HERNANDO is an individual. The remaining allegations in Paragraph 7 contain legal conclusion for which no response is required.

8. BMWFS is a limited liability company. BMWFS admits that it does business in Florida. The remaining allegations in Paragraph 8 are denied as stated.

9. The allegations in Paragraph 9 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 9 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

## III. JURISDICTION AND VENUE

10. The allegations in Paragraph 10 contain legal conclusions for which no response is required.

11. The allegations in Paragraph 11 contain legal conclusions for which no response is required.

12. The allegations in Paragraph 12 contain legal conclusions for which no response is required.

13. The allegations in Paragraph 13 contain legal conclusions for which no response is required.

14. BMWFS admits that on October 27, 2014 (not October 1, 2012 as alleged), EDUARDO HERNANDO entered into a written financial agreement with Visa Motors of North Broward, assigned to BMWFS, for the sale of a BMW vehicle. The remaining allegations in Paragraph 14 contain legal conclusions for which no response is required.

15. The allegations in Paragraph 15 contain legal conclusions for which no response is required. To the extent a response is required, BMWFS denies that the matter in controversy exceeds the sum of $75,001.

16. The allegations in Paragraph 16 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 16 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

17. The allegations in Paragraph 17 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 17 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

18. The allegations in Paragraph 18 contain legal conclusions for which no response is required. To the extent a response is required, Paragraph 18 is not directed at BMWFS, and therefore no response is necessary from BMWFS.

## IV. FACTUAL ALLEGATIONS

A. **Defendant/Creditor as the "Furnisher of Information"**

19. The allegations in Paragraph 19 contain legal conclusions for which no response is required.

20. BMWFS denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 contain legal conclusions for which no response is required.

22. BMWFS denies the allegations in Paragraph 22.

23. BMWFS denies the allegations in Paragraph 23.

24. BMWFS denies the allegations in Paragraph 24.

25. BMWFS denies the allegations in Paragraph 25.

26. BMWFS denies the allegations in Paragraph 26.

27. BMWFS denies the allegations in Paragraph 27.

28. BMWFS denies the allegations in Paragraph 28.

29. BMWFS denies the allegations in Paragraph 29.

30. BMWFS admits only that it received a dispute from Plaintiff forwarded to it by Experian, but it denies that it was on or about the date Plaintiff alleges. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 and therefore they are denied.

31. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, including the information alleged in subparagraph b., and therefore they are denied.

32. BMWFS denies the allegation that it failed or refused to report correct and accurate information. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 and therefore they are denied.

**B. "BMW Did Not Correctly Furnish Dispute Language on Plaintiff's Credit Report Within 30 Days"**

33. Assuming the Plaintiff is referring to his indirect disputes when he uses the term "dispute" in Paragraph 33, BMWFS admits that it did respond to Plaintiff's indirect disputes confirming that the credit information it reported was accurate.

34. BMWFS denies the allegations in Paragraph 34 as phrased.

35. BMWFS denies the allegations in Paragraph 35.

36. BMWFS denies the allegations in Paragraph 36.

**C. Violation of 16 CFR § 660.4 - Direct Disputes**
**(Failure to furnish and/or maintain Correct Dispute Address in Credit Report with CRA)**

37. The allegations in Paragraph 37 contain legal conclusions for which no response is required.

38. BMWFS denies the allegations in Paragraph 38.

39. BMWFS denies that it inaccurately reported any information to the credit agencies with regard to Plaintiff's credit. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39 and therefore they are denied.

40. BMWFS denies the allegations in Paragraph 40.

41. BMWFS denies the allegations in Paragraph 41.

**D. "Wrong Reporting to The Credit Bureaus That This Case Was "Resolved" While It Is Still in The Middle of This Lawsuit"**

42. BMWFS denies the allegations in Paragraph 42.

43. BMWFS denies the allegations in Paragraph 43.

44. BMWFS denies the allegations in Paragraph 44, including the allegations in subpart (a).

45. BMWFS admits that it received both direct dispute communications from the Plaintiff, as well as dispute information from credit reporting agencies regarding Plaintiff's dispute(s). BMWFS denies the remaining allegations in Paragraph 45.

46. BMWFS denies the allegations in Paragraph 46.

47. BMWFS denies the allegations in Paragraph 47.

## COUNT I

**"NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW"**

48. BMWFS realleges and reavers its responses as stated above.

49. BMWFS denies the allegations in Paragraph 49.

50. BMWFS denies the allegations in Paragraph 50.

51. BMWFS denies the allegations in Paragraph 51.

52. BMWFS denies the allegations in Paragraph 52.

53. BMWFS denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 contain legal conclusions for which no response is required.

55.     Paragraph 55 contains a prayer of relief for a judgment against "Defendant Conn Credit" who is not a party to this action.  BMWFS Paragraph 18 is not directed at BMWFS, and therefore no response is necessary from BMWFS.  To the extent a response is required, BMWFS denies the allegations in Paragraph 55.

## COUNT II

### "WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW"

56.     BMWFS realleges and reavers its responses as stated above.

57.     BMWFS denies the allegations in Paragraph 57.

58.     BMWFS denies the allegations in Paragraph 58.

59.     BMWFS denies the allegations in Paragraph 59.

60.     BMWFS denies the allegations in Paragraph 60.

61.     BMWFS denies that Plaintiff is entitled to the relief requested in the "wherefore" Paragraph 61.

## COUNT III

### (Failing to Establish or to Follow Reasonable Procedures 15 U.S.C. § 1681e(b))

62-66:   Count III was dismissed with prejudice, per this Court's order at D.E. 18.  As such, no response is required to Paragraphs 62 through 66.

## COUNT IV

### (Failing to Delete Inaccurate Information 15 U.S.C. § 1681i on multiple occasions)

67-71:   Count IV was dismissed with prejudice, per this Court's order at D.E. 18.  As such, no response is required to Paragraphs 67 through 71.

## COUNT V

### (18 U.S.C. 1342 Mail Fraud and Fraud)

72. BMWFS realleges and reavers its responses as stated above.

73. BMWFS denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 contain legal conclusions for which no response is required.

**A. "The circumstances constituting fraud or mistake:"**

75. The allegations in Paragraph 75 contain legal conclusions for which no response is required.

76. The allegations in Paragraph 76 contain legal conclusions for which no response is required.

    a. BMWFS denies the allegations in Paragraph 76, subpart a.

    b. BMWFS denies the allegations in Paragraph 76, subpart b with regard to the information it provided. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 76, subpart b and therefore they are denied.

    c. BMWFS denies the allegations in Paragraph 76, subpart c.

    d. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 76, subpart d and therefore they are denied.

    e. BMWFS denies the allegations in Paragraph 76, subpart e.

    f. BMWFS denies the allegations in Paragraph 76, subpart f.

77. BMWFS denies the allegations in Paragraph 77.

78. BMWFS denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 contain legal conclusions for which no response is required.

    a. BMWFS denies the allegations in Paragraph 79, subpart a.

80. BMWFS admits only that it received direct dispute correspondence from Plaintiff during the time period of 2016-2018, and timely responded to same. BMWFS denies the remaining allegations in Paragraph 80.

81. BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 relating to what Plaintiff communicated with Experian, and therefore they are denied. BMWFS denies the remaining allegations in Paragraph 81.

82. The allegations in Paragraph 82 contain legal conclusions for which no response is required.

83. The allegations in Paragraph 83 contain legal conclusions for which no response is required.

84. BMWFS denies the allegations in Paragraph 84.

85. BMWFS denies the allegation in Paragraph 85, including subpart a, as phrased.

86. BMWFS denies the allegations in Paragraph 86.

87. BMWFS denies the allegations in Paragraph 87.

88. BMWFS denies that the Plaintiff is entitled to the relief requested in Paragraph 88.

89. The allegations in Paragraph 89 contain legal conclusions for which no response is required.

90. BMWFS denies the allegations in Paragraph 90 as phrased.

    a.    BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 90 subpart a, and therefore they are denied.

    b.    BMWFS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 90,subpart b, and therefore they are denied.

**B. "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally:"**

91.    BMWFS admits that it responded to a dispute via correspondence dated September 19, 2016, and respond to a separate dispute via correspondence November 14, 2016. The remaining allegations in Paragraph 91 contain legal conclusions for which no response is required.

92.    BMWFS denies the allegations in Paragraph 92.

93.    The allegations in Paragraph 93 contain legal conclusions for which no response is required. BMWFS denies the allegations in Paragraph 93 subpart a.

94.    The allegations in Paragraph 94 contain legal conclusions for which no response is required.

95.    The allegations in Paragraph 95 contain legal conclusions for which no response is required.

96.    The allegations in Paragraph 96 contain legal conclusions for which no response is required.

97.    The allegations in Paragraph 97 contain legal conclusions for which no response is required.

98. BMWFS denies that Plaintiff is entitled to the relief requested in Paragraph 98.

99. BMWFS denies that Plaintiff is entitled to the relief requested in Paragraph 99.

100. Any allegation not expressly admitted is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**Failure to State a Cause of Action for Count I, Negligent Violation of FCRA**

Count I fails, in whole or in part, because Plaintiff has not stated a cause of action for negligent violation of the Fair Credit Reporting Act ("FCRA"). A claim that inaccurate information was reported, is essential to a claim for a violation of the FCRA under § 1681s-2(b). *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3730897, at *2-3 (S.D. Fla. May 3, 2018), report and recommendation adopted, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018); *Butler v. Midland Funding*, 2017 WL 6887007 (N. D. Fla. Dec. 11, 2017) ("A plaintiff must show a factual inaccuracy rather than the existence of a disputed legal questions to bring suit against a furnisher under § 1681s-2(b).") In other words, a plaintiff must make the allegation that the information reported to the credit reporting agencies was inaccurate, as a required element of a claim under § 1681s-2(b). *Schuh,* at *2. "In the absence of inaccurate information there can be no finding that a furnisher conducted an unreasonable investigation." *Id*. at *3. In a similar case, an amended complaint was dismissed because it did "not support the claimed violation [under § 1681s-2(b)] because it does not allege plaintiff notified defendants that specific information furnished to consumer reporting agencies was inaccurate and 'the information is, in fact, inaccurate.'" *Butler,* at *458.

Additionally, a "plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher

conducted a reasonable investigation, … the furnisher would have discovered that the information it reported was inaccurate or incomplete…" *Id*. at *458.

Plaintiff fails to allege what, if anything, was inaccurate about BMW's reporting. Without more, Plaintiff concludes that BMW "inaccurately" reported: "erroneous dates of monthly payment," "erroneous information," "erroneous disputes," and "erroneous resolution of disputes." *Amd. Compl*. ¶¶ 24-27. Nowhere in the text of the Amended Complaint does Plaintiff mention which dates of monthly payments were inaccurately reported.[1] Also, Plaintiff has alleged that had BMW conducted a reasonable investigation, it would have discovered that the information was inaccurate or incomplete.

## SECOND AFFIRMATIVE DEFENSE

**Failure to State a Cause of Action for Count II, Willful Violation of FCRA**

Count II fails, in whole or in part, as it fails to state a cause of action for willful violation of FCRA. It fails for the reasons stated above in the First Affirmative Defenses as well as the following: The Supreme Court has determined for a FCRA violation to be willful, it must have been committed "knowingly" and "recklessly," and that an action is only reckless if it is "objectively unreasonable." *Safeco Insurance Company of America et al. v. Burr, et al.*, No. 06-84 (U.S. June 4, 2007). Plaintiff has not alleged that BMWFS's actions were objectively unreasonable.

## THIRD AFFIRMATIVE DEFENSE

**Failure to State a Cause of Action for Count V, 18 U.S.C. § 1342 Mail Fraud and Fraud**

Count V fails, in whole or in part, because Plaintiff has not stated a cause of action for mail fraud and fraud under 18 U.S.C. § 1342. "There are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and

---

[1] Although Plaintiff references exhibits, no exhibits were filed with the Amended Complaint.

(2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." *Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989). Plaintiff has not engaged in any such fraudulent activity, or used the mails system for such purpose; and despite the Plaintiff's use of the word "fraudulent" the facts, as alleged, do not amount to fraudulent activity. Plaintiff has also not plead the fraudulent activity with sufficient particularity as required.

## FOURTH AFFIRMATIVE DEFENSE

### Truthful Reporting / No Inaccuracies

Plaintiff's claims fail, in whole or in part, as BMWFS truthfully, accurately, and reported information to the credit agencies regarding Plaintiff's loan. Additionally, the reporting was complete. Plaintiff does not allege a single concrete inaccuracy as to BMWFS's reporting to the credit agencies regarding payments received related to Plaintiff's loan account.

## FIFTH AFFIRMATIVE DEFENSE

### Reasonable Investigation Undertaken

Plaintiff's claims fail, in whole or in part, as BMWFS undertook a reasonable investigation of Plaintiff's disputes before responding to the credit agencies with its response.

## SIXTH AFFIRMATIVE DEFENSE

### No Damages / No Concrete Injury

Assuming, *arguendo*, that the wrong address at which to directly dispute reported information with BMWFS appeared on Plaintiff's credit reports. Plaintiff's first letter to the wrong address was sent on August 8, 2018. *Compl*. Ex. F. Plaintiff then sent a letter to BMWFS at the correct address on September 12, 2016 (*Compl*. Ex. F), which was responded to by BMWFS by letter dated September 19, 2016. Plaintiff was not harmed in the short time period

of a few weeks, especially because no inaccuracies were ultimately found by BMWFS with regard to the account and payment reporting information. In other words, delinquent payments reported by BMWFS to the credit agencies were true and accurate, and no corrections to the credit reporting were required. Further, after Plaintiff had actual knowledge of the correct address for making a direct dispute with BMWFS, the (alleged) fact that the wrong address remained on Plaintiff's credit reports does not harm Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

Pursuant to FCRA, an action to enforce a FCRA violation must be filed "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §1681p. Plaintiff was aware of the alleged inaccurate reporting as early as August 1, 2016, and admits that he submitted a direct dispute to BMW on August 6, 2016. The instant Complaint was filed on November 1, 2019, over three years since the discovery of the alleged violation.

## EIGHTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff

Plaintiff's claims fail, in whole or in part, because Plaintiff's alleged damage to his credit reports was caused by his late and/or missed payments related to his account, and not by any actions of BMWFS.

CASE NO.: 1:19-CV-24542-MGC

Dated: August 28, 2020

/s/ Abbigail E. Webb
ABBIGAIL E. WEBB
Florida Bar No. 086985
SAUL EWING ARNSTEIN & LEHR LLP
*Attorneys for BMW Financial Services NA, LLC*
701 Brickell Ave, 17th Floor
Miami, Florida 33131
Telephone: 305-428-4517
Facsimile: 305-675-0871
E-Mail: mia.ctdocs@saul.com
E-Mail: Abbigail.Webb@saul.com
E-Mail: Ryan.DiClemente@saul.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served this 28th day of August, 2020 to: *Pro-se* Defendant Eduardo Hernando, 945 NE 75 Street, Miami, Florida 33138, with a courtesy copy served via email to eduardo@hernandogroup.com.

/s/ Abbigail E. Webb
ABBIGAIL E. WEBB
Florida Bar No. 086985